## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JUSTIN THOMAS DARROW,<br>　　　　Appellant, | DOCKET NUMBER<br>DC-0752-17-0644-I-1 |
| 　　　v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　Agency. | DATE:  December 6, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin L. Owen, Esquire, Christopher Hugh Bonk, Esquire, and Renn Fowler, Esquire, Silver Spring, Maryland, for the appellant.

Taron Murakami and William Horrigan, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In the initial decision, the administrative judge found that the statements made in the appellant's pleadings were not offered under penalty of perjury. Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 11. Therefore, she gave greater weight to the sworn statements provided by the appellant's supervisor and the Lead Administrative Patent Judge (APJ) regarding the training, work product, duties, and responsibilities of Patent Examiners and Patent Attorneys. *Id.* As the appellant correctly argues on review, however, this was error. Petition for Review (PFR) File, Tab 5 at 12. The appellant was pro se below and personally filed his pleadings through the Board's e-Appeal system, affirming that his pleadings asserted facts from his personal knowledge and that he declared under penalty of perjury that the facts stated in the pleading were true and correct. IAF, Tab 4 at 4, Tab 9 at 3, Tab 14 at 11. Nonetheless, having considered the factors relevant to assessing the probative value of hearsay evidence and the credibility of an out-of-court declarant, we agree with the administrative judge that the statements by the appellant's supervisor and the Lead APJ regarding the training, work product, duties, and responsibilities of the Patent Attorney and Patent Examiner positions are more probative than the appellant's statements and are entitled to greater weight. *See Borninkhof v. Department of Justice*, 5 M.S.P.R.

77, 83-87 (1981) (setting forth the factors relevant to assessing the probative value of hearsay evidence); *see also Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (setting forth the factors relevant to assessing a witness's credibility). Accordingly, the administrative judge's error in finding that the appellant's statements were not submitted under penalty of perjury did not prejudice his substantive rights and provides no basis for reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶3     The appellant also argues that the administrative judge considered a Patent Examiner performance plan that was not in the record and that her reliance on the document constituted a "fatal error" and deprived him of due process. PFR File, Tab 5 at 17 (citing ID at 16-17). It appears that the Patent Examiner performance plan is contained in the second part of the agency file that, due to an administrative error, was not properly placed in the initial appeal file index or the e-Appeal repository until after the appellant filed his petition for review.[2] PFR File, Tab 7. However, the appellant submitted his reply to the agency's response to his petition for review after the Office of the Clerk of the Board notified the parties of the issue and corrected the record. PFR File, Tabs 7, 9. Thus, he had an opportunity to address the second part of the agency file in his reply and, in fact, did so. PFR File, Tab 9 at 11-14. Thus, we find that the appellant has not been prejudiced by the filing error. *See Panter*, 22 M.S.P.R. at 282.

¶4     We have considered the appellant's other arguments in support of his contention that the administrative judge erred in finding that the Patent Attorney and Patent Examiner positions were not the "same or similar" within the meaning of 5 U.S.C. § 7511(a)(1)(C)(ii), but we find no reason to reweigh the evidence or

---

[2] The second part of the agency file also contains a GS-14 Patent Examiner position description, information from the agency's public website regarding the Patent Examiner position and career opportunities, and a Patent Attorney position description. IAF, Tab 6 at 23-60 of 61.

otherwise disturb the administrative judge's explained findings.[3]  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] For the first time on review, the appellant has submitted April and May 2015 emails confirming his selection for the Patent Attorney position and his start date.  PFR File, Tab 5 at 30-31.  We have reviewed the documents but find that the appellant has not shown that those documents were unavailable prior to the close of the record below, despite his due diligence.  Therefore, we do not consider them.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision.  5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Jennifer Everling

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.